# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,     :     Case No. 1:11-cr-079
                                            Civil Case No. 1:13-cv-775

                                            Chief Judge Susan J. Dlott
-  vs  -                                  Magistrate Judge Michael R. Merz

CHARLES L. PATTON,

                Defendant.     :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant Patton's Motion to Vacate under 28 U.S.C. § 2255 (Doc. No. 132). The Motion has been referred to the undersigned United States Magistrate Judge by Chief Judge Susan J. Dlott (Doc. No. 133).

The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Cases which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

On January 12, 2012, Patton was convicted by a jury of knowingly and intentionally possessing more than one hundred grams of heroin with the intent to distribute it (Verdict, Doc. No. 65).  Patton appealed, asserting that his sixty-month sentence was procedurally and substantively unreasonable and that he received ineffective assistance of trial counsel in that his trial attorney (1) failed to request application of the "safety valve" provision of the Sentencing Guidelines, §5C1.2(a) and (2) failed to object to the sentence imposed.  *United States v. Patton*, 2013 U.S. App. LEXIS 20507 (6th Cir. 2013).

In his § 2255 Motion, Patton pleads the following Grounds for Relief:

>**Ground One**:  Jury venire, population of ethnic groups in counties and there were no African Americans as a juror.
>
>**Supporting Facts:**  With the population of the city of Cincinnati, there should have been at least one African-American as a juror. Plus the surrounding counties have a percentage of African-Americans in their neighborhood. Trial attorney quoted all counties with the percentage of African-Americans at the beginning of trial. Denied by Judge.
>
>**Ground Two**: **Jurisdiction**: Defendant held in State of Ohio custody, from October 8, 2010 until May 23, 2011 on home confinement; when case was a federal matter at the start. Federal agents followed person of interest form Chicago, Illinois, to Cincinnati, Ohio, across three state lines and placed defendant in State of Ohio custody.
>
>**Supporting Facts:**  US constitutional right to proper jurisdiction of arrestee. Charged with possession and trafficking by the State of Ohio. This case was not in the authority of Ohio jurisdiction when it all times it was a federal case for prosecution. Controlled substance crossed at three states and came through interstate travel which puts it in the Federal Government jurisdiction.
>
>**Ground Three:** statement made by DEA officer; evidence tampering by DEA officer.

>    **Supporting Facts:**  written statement DEA officer made about defendant admitting that he threw an item from car window; this spurious statement is totally false. Testimony of trial attorney at second new trial hearing, stated that defendant never spoke to DEA officer at any time after arrest or at any other stage of these events. Evidence came not in its original wrappings, which officer testified that he found it in and the markings he said, that was testified of being on the wrappings. DEA officer removed evidence out of the original package.
>
>    **Ground Four:**  Rules of evidence
>
>    **Supporting Facts** Government prosecutor withheld evidence pertaining to the original recording of the night of October 8, 2010 from the Cincinnati police department. Video the trial judge instructed prosecutor to produce in court on the first day of trial. Prosecutor did not present any written statements defendant had even spoke to DEA officer on the night of October 8, 2010, or at any other time. Evidence favorable to defendant and his attorney for defendant's defense.

(Motion, Doc. No. 132, PageID 776-82.)

It is well-established that a § 2255 motion "is not a substitute for a direct appeal." *Ray v. United States,* 721 F.3d 758, 761(6th Cir. 2013), *quoting Regalado v. United States*, 334 F.3d 520, 528 (6th  Cir. 2003) *(citing United States v. Frady*, 456 U.S. 152, 167-68 (1982)). Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained via a motion under § 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is "actually innocent" of the crime. *Ray, supra, citing Bousley v. United States,* 523 U.S. 614, 622 (1998) (internal citations omitted).

Because each of the claims Patton now makes could have been raised on direct appeal but was not, each of the claims is procedurally defaulted.  The § 2255 Motion should therefore be

3

dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

November 6, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).