# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 1:11-cr-079
                                            Civil Case No. 1:13-cv-775

                                            Chief Judge Susan J. Dlott
- vs -                                Magistrate Judge Michael R. Merz

CHARLES L. PATTON,

                Defendant.      :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

      This criminal case is before the Court on Defendant Patton's Objections (Doc. No. 137) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 134). Chief Judge Dlott has recommitted the case to the Magistrate Judge for consideration of the Objections (Doc. No. 138).

      Considering the case under Rule 4 of the Rules Governing § 2255 Cases, the Magistrate Judge concluded all four of Mr. Patton's claims were procedurally defaulted because they could have been but were not presented on direct appeal. Report, Doc. No. 134.

      Mr. Patton states that the "subject matter of objection relates to sentencing issues in the United States Sentencing Guidelines, and ineffective assistance of trial counsel . . ." (Objections, Doc. No. 137, PageID 796). He then proceeds to argue that his attorney should have asked for

1

application of the "safety valve" after the sentencing judge stated her belief that the sentence was more severe than it should have been.

The § 2255 Motion filed in this case raises no claims about ineffective assistance of trial counsel or sentencing.  Patton's claims are

> **Ground One**: Jury venire, population of ethnic groups in counties and there were no African Americans as a juror.
>
> **Ground Two**: **Jurisdiction**: Defendant held in State of Ohio custody, from October 8, 2010 until May 23, 2011 on home confinement; when case was a federal matter at the start. Federal agents followed person of interest form Chicago, Illinois, to Cincinnati, Ohio, across three state lines and placed defendant in State of Ohio custody.
>
> **Ground Three:** statement made by DEA officer; evidence tampering by DEA officer.
>
> **Ground Four:** Rules of evidence

(quoted at Report, Doc. No. 134, quoting four claims for relief verbatim at PageID 788-89.)

Patton is correct that the federal courts have a strong preference for ineffective assistance of trial counsel and ineffective assistance of appellate counsel claims to be brought in § 2255 proceedings, rather than on direct appeal.  *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006).  But the claims Patton argues in his Objections about ineffective assistance of trial counsel were not included in his § 2255 Motion.

It is true that Patton did attempt to raise on appeal ineffective assistance of trial counsel with respect to failure to seek application of the safety valve.  The Sixth Circuit held that question should be raised in the district court.  However, Patton's present § 2255 Motion does not say anything about ineffective assistance of trial counsel.  On the other hand, the four claims he does raise are all claims he could have raised on direct appeal but did not.

**Conclusion**

The four claims actually made in the § 2255 Motion are procedurally defaulted and should be dismissed with prejudice. Patton's claims of ineffective assistance of trial counsel are not procedurally defaulted. If he wishes the Court to consider them, he should file an amended § 2255 Motion raising those claims. Mr. Patton is cautioned that he must file any amended § 2255 motion before the Court enters judgment on his present claims, because a federal criminal defendant is only allowed one § 2255 proceeding without permission of the court of appeals.

January 21, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).